UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PAUL ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO POLICE DEPARTMENT, et al.,<br><br>    Defendants. | No. 2:16-cv-0527 TLN GGH PS<br><br><br>ORDER |

Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
2   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
3   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
5   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

6         A complaint must contain more than a "formulaic recitation of the elements of a cause of
7   action;" it must contain factual allegations sufficient to "raise a right to relief above the
8   speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
9   "The pleading must contain something more...than...a statement of facts that merely creates a
10  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
11  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
12  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
13  v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
14  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
15  the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
16  Id.

17        Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92
18  S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).
19  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff
20  proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.
21  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

22        The complaint alleges that on March 11, 2014, plaintiff was confronted by Arel
23  Cummings, a neighbor, who gestured to petitioner under his coat as if he had a firearm.  In
24  response, plaintiff drew his own weapon and charged it.  Plaintiff was thereafter arrested for
25  "brandishing a weapon NOT in self-defense."  (ECF No. 1 at 6.)  Plaintiff has sued a litany of
26  individuals and entities over this event, and is seeking relief under 42 U.S.C. § 1983.  Plaintiff
27  seeks $40 million in damages.

28        Other than cursory references to the Constitution for defendants Sacramento Police

Department (First, Second and Fourth Amendment), Sacramento Sheriff's Department (Fourth Amendment), and Sacramento County Public Defender's Office (Sixth Amendment), the complaint contains no claims for relief against any other defendants. There is only one allegation in the complaint, that "subsequent actions and inactions by the defendants have caused irreparable harm and injury." (ECF No. 1 at 7.) This assertion is merely a bald conclusion and fails to state a *plausible* claim for any of the grounds alleged.

In regard to individual defendants Cummings, Thornhill, and Baltierra, the complaint does not mention them, other than in the caption.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

To state a claim under § 1983, there must be state action by defendant. Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001). Although a private individual may be liable under § 1983 if he conspires with state actors to violate plaintiff's rights, Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002), plaintiff has not made such an allegation against defendants Cummings, Thornhill, and Baltierra**.** Plaintiff will be provided leave to amend his complaint to allege that these defendants conspired with or entered joint action with any of the other state actor defendants. If plaintiff does so amend his complaint, he must allege the specific facts of the conspiracy, as well as all of the facts surrounding the alleged false arrest. The complaint as written contains no allegations whatsoever against defendants Cummings, Thornhill, and

1   Baltierra.  Plaintiff is reminded that his claim for relief must contain sufficient factual matter to
2   state a claim to relief that is plausible on its face.  See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129
3   S.Ct. 1973, (2009).  While this does not require detailed factual allegations, the claim must
4   contain more than labels and conclusions or a formulaic recitation of the elements of a cause of
5   action.  See Bell Atlantic, 550 U.S. at 555.  In short, the allegations must be sufficient to put
6   defendant fairly on notice of the claims against it.  See Richmond v. Nationwide Cassel L.P., 52
7   F.3d 640, 645 (7th Cir.1995) (amended complaint with vague and scanty allegations fails to
8   satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and
9   Procedure § 1202 (2d ed.1990).  Here, this means that plaintiff must say more than that he was
10  "arrested after [he] called the police for allegedly 'brandishing a weapon NOT in self-defense.'"
11  See ECF No. 1 at 6.  Rather, plaintiff must identify exactly what each defendant did to violate his
12  rights, and why he thinks such action was unconstitutional.

13        The requirement of a short and plain statement under Federal Rule of Civil Procedure 8
14  means a complaint must include "sufficient allegations to put defendants fairly on notice of the
15  claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991); 5 C. Wright & A.
16  Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). Accord Richmond v. Nationwide
17  Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty
18  allegations fails to satisfy the notice requirement of  Rule 8.)  Here, the complaint does not
19  contain sufficient allegations to put defendants fairly on notice.  See Conley v. Gibson, 355 U.S.
20  41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d
21  640, 645 (7th Cir. 1995) (vague and scanty allegations fail to satisfy the notice requirement of
22  Rule 8).  Furthermore, the complaint is not simple, concise, or direct, as evidenced by its sheer
23  length.  See Hatch v. Reliance Ins. Co., 758 F.2d 409, 415 (9th Cir. 1985) (affirming dismissal of
24  complaint exceeding 70 pages including attachments as confusing and conclusory).

25        With respect to defendant judges Gilliard, White, Mullen, and Abbott, the Supreme Court
26  has held that judges are absolutely immune from civil liability for damages for acts performed in
27  their judicial capacity.  Pierson v. Ray, 386 U.S. 547, 553–559, 87 S.Ct. 1213 (1967).  An act is
28  "judicial" when it is a function normally performed by a judge and the parties dealt with the judge

1   in his judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 362, 98 S.Ct. 1099 (1978).  A
2   judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"
3   Stump v. Sparkman, 435 U.S. 349, 356–7, 98 S. Ct. 1099, 1105 (1978), quoting Bradley v.
4   Fisher, 13 Wall. 335, 351, 20 L.Ed. 646 (1872).  Therefore, these defendants will be dismissed
5   without leave to amend.
6       Furthermore, defendant "family relations court" must be dismissed based on sovereign
7   immunity.  See Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th
8   Cir.1987) ("a suit against the Superior Court is a suit against the State, barred by the eleventh
9   amendment") (citation omitted).  This is because judges and court employees are state, not
10  county, employees.  See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161
11  (9th Cir.2003) (superior courts and their employees are considered arms of the state for Eleventh
12  Amendment purposes and are not liable under § 1983).  This defendant will also be dismissed
13  without leave to amend.
14      Sacramento County District Attorney's Office must also be dismissed.  Prosecutors are
15  absolutely immune from civil suits for damages under § 1983 which challenge activities related to
16  the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409, 96
17  S.Ct. 984 (1976).  Determining whether a prosecutor's actions are immunized requires a
18  functional analysis.  The classification of the challenged acts, not the motivation underlying them,
19  determines whether absolute immunity applies.  Ashelman v. Pope, 793 F.2d 1072 (9th Cir.1986)
20  (en banc).  The prosecutor's quasi-judicial functions, rather than administrative or investigative
21  functions, are absolutely immune.  Thus, even charges of malicious prosecution, falsification of
22  evidence, coercion of perjured testimony and concealment of exculpatory evidence will be
23  dismissed on grounds of prosecutorial immunity.  See Stevens v. Rifkin, 608 F.Supp. 710, 728
24  (N.D.Cal.1984).  This defendant will be dismissed without leave to amend.
25      Plaintiff's court-appointed attorney cannot be sued under § 1983.  See Polk County v.
26  Dodson, 454 U.S. 312, 318–19, 102 S.Ct. 445 (1981) (public defenders do not act under color of
27  state law for purposes of § 1983 when performing a lawyer's traditional functions).  And any
28  potential claims for legal malpractice do not come within the jurisdiction of the federal courts.

Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981).  The public defender will be dismissed without leave to amend.

The Sacramento Police Department and the Sacramento County Sheriff's Department are improper parties in this action.  The term "persons" encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law and local governmental entities.  Vance v. Cnty. of Santa Clara, 928 F.Supp. 993, 995–96 (N.D.Cal.1996); Daniels v. Medical Servs. Div., 2015 WL 687113, at *3-4 (S.D. Cal. Feb. 18, 2015).  However, the Sacramento Police Department is a municipal department within the City of Sacramento and the Sacramento County Sheriff's Department is it is merely a department of the County of Sacramento.  These agencies are not, as a general matter, considered "persons" within the meaning of Section 1983.  See United States v. Kama, 394 F.3d 1236, 1239 (9th Cir.2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of Section 1983."); Rodriguez v. Cnty. of Contra Costa, 2013 WL 5946112 at *3 (N.D.Cal. Nov.5, 2013) (citing Hervey v. Estes, 65 F.3d 784, 791 (9th Cir.1995)) ("Although municipalities, such as cities and counties, are amenable to suit under Monell, sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); Gonzales v. City of Clovis, 2013 WL 394522 (E.D.Cal. Jan.30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of Section 1983); Wade v. Fresno Police Dep't, 2010 WL 2353525 at *4 (E.D.Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under Section 1983).  Therefore, the Sacramento Police Department and the Sacramento County Sheriff's Department will be dismissed without leave to amend.[1]

On amendment, plaintiff shall name the City of Sacramento and the County of Sacramento if intends to proceed with these defendants as these entities are considered persons under § 1983.  If plaintiff does name the City and County on amendment, he is instructed that he must nevertheless state a claim against these defendants.

---

[1] Plaintiff is advised that if he continues to name defendants who have been dismissed without leave to amend in his amended complaint, they will be dismissed at a later time.

1     The U.S. Supreme Court has held that local governmental entities, e.g., cities, counties,
2  and local officers sued in their official capacity, are "persons" for purposes of section 1983,
3  rendering them directly liable for constitutional violations if carried out pursuant to local policies
4  or customs.  McMillian v. Monroe County, 520 U.S. 781, 784-785, 117 S.Ct. 1734 (1997);
5  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690-692, 98 S.Ct. 2018 (1978).
6  Therefore, the City and the County may properly be considered persons under section 1983.
7     Nevertheless, "a municipality cannot be held liable under § 1983 on a respondeat superior
8  theory."  Monell, 436 U.S. at 691.  "[A] municipality can be found liable under § 1983 only
9  where the municipality itself causes the constitutional violation at issue.  Respondeat superior or
10 vicarious liability will not attach under § 1983."  Collins v. City of Harker Heights, 503 U.S. 115,
11 123, 112 S.Ct. 1061 (1992) (original emphasis), citing Monell, 436 U.S. at 694-695.  Thus, "a
12 local government may not be sued under § 1983 for an injury inflicted solely by its employees or
13 agents.  Instead, it is when execution of a government's policy or custom, whether made by its
14 lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts
15 the injury that the government as an entity is responsible under § 1983."  Monell, at 694.  A local
16 governmental entity may also "be liable if it had a policy or custom of failing to train its
17 employees and that failure to train caused the constitutional violation.  In particular ... the
18 inadequate training of police officers could be characterized as the cause of the constitutional tort
19 if-and only if-the failure to train amounted to 'deliberate indifference' to the rights of persons
20 with whom the police come into contact."  Collins, 503 U.S. at 123-124 (fn.omitted), citing
21 Canton v. Harris, 489 U.S. 378, 387, 388, 109 S.Ct. 1197(1989).
22     "[L]ocal governments, like any other § 1983 'person,' ... may be sued for constitutional
23 deprivations visited pursuant to governmental 'custom' even though such a custom has not
24 received formal approval through the body's official decisionmaking channels."  Monell, 436 U.S.
25 at 690-91.  "[P]laintiff must allege that the action inflicting injury flowed from either an explicitly
26 adopted or a tacitly authorized city policy.  *Ibid.*; Harris v. City of Roseburg, 664 F.2d 1121,
27 1130, 1338 (9th Cir.1981) ("'Official policy' within the meaning of Monell [encompasses
28 situations] where a municipality 'impliedly or tacitly authorized, approved, or encouraged' illegal

7

conduct by its police officers.'") (quoting Turpin v. Mailet, 619 F.2d 196, 201 (2nd Cir.), cert. denied, 449 U.S. 1016, 101 S.Ct. 577 (1980))." Gibson v. U.S., 781 F.2d 1334, 1337-1338 (9th Cir.1986); see also, Ortez v. Washington Cty., 88 F.3d 804, 811 (9th Cir.1996). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.  Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved.  But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-824, 105 S.Ct. 2427, 2436 (1985). As currently pled, plaintiff has not made any allegations against the City or County for the actions of its officers.  He references only the First, Second and Fourth Amendments against the Sacramento Police Department, and the Fourth Amendment against the Sacramento County Sheriff's Department.  (ECF No. 1 at 5.)  A less stringent examination is afforded pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594 (1972), but simple reference to federal law does not create subject matter jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject matter jurisdiction is created only by pleading a cause of action that is within the court's original jurisdiction.  Id.  See also Kennedy v. H & M Landing, Inc., 529 F.2d 987, 989 (9th Cir.1976) (a pleading will not be sufficient to state a claim under § 1983 if the allegations are mere conclusions).  Plaintiff's mere reference to the constitution and § 1983 is insufficient to state a claim upon which relief can be granted—for each federal statute, Plaintiff must actually explain what allegations support a violation.

Therefore, if plaintiff intends to proceed against the City and the County, on amendment he shall name these defendants and must comply with the authority outlined above.

Plaintiff has named three officers as defendants, Sousza, Lariaux, and Mateo in the caption of this complaint, but he has failed to make any allegations against them, or even mention them elsewhere in the complaint.  If plaintiff chooses to name these defendants in his amended

complaint, he must follow the directives set forth in this order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Once plaintiff files an amended complaint, the original pleading no longer serves an operative function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////
////
////
////
////
////
////
////
////

9

1     Good cause appearing, IT IS ORDERED that:

2     1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3     2.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within **twenty-eight (28)** days from the date of service of this Order.  The amended complaint must comply with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" failure to file an amended complaint will result in a recommendation that this action be dismissed.

Dated: June 1, 2016

                                      /s/ Gregory G. Hollows

                              UNITED STATES MAGISTRATE JUDGE

GGH:076/Anderson0527.amend